# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | |
|---|---|
| Akintayo Akinyele<br><br>v.<br><br>Robert A. Picelli, Jr.,<br>ZELDES NEEDLE & COOPER, PC aka ZNC LAW | DOCKET NO:<br><br>FEBRUARY 14, 2021 |

## COMPLAINT

## AND JURY DEMAND

## JURISDICTIONAL ALLEGATIONS:

1. AKINYELE, AKINTAYO is an individual and resident of the State of Connecticut.

2. The Defendant, Robert A. Picelli, Jr., hereafter "collection attorney" is an individual and resident of the State of Connecticut.

3. ZELDES NEEDLE & COOPER, PC., hereafter "law firm" is a Connecticut Corporation doing business in this state.

4. This Court has jurisdiction because the Plaintiff's claims are violation of federal laws,

specifically "FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1692 et seq", the court has supplemental jurisdiction to adjudicate other claims.

5. Venue is proper because the parties are resident of this state where the alleged violation also took place.

## FACTUAL ALLEGATIONS

1. The Plaintiff, AKINTAYO AKINYELE ("Plaintiff"), is an individual who is currently the record owner of equity of a condominium unit in a condominium complex which is managed by a Condominium Association "Condominium".

2. The Defendants Robert A. Picelli, Jr. and ZELDES NEEDLE & COOPER, PC aka ZNC LAW are in business together for a profit, the Defendants are general partners and each other's agents and are liable for each other's collections actions against the Plaintiff.

3. The Declaration of By-Laws, Rules and Regulations of the Condominium, including the amendment of September 26, 2016, is a contract between the Plaintiff and the Condominium.

4. Section 2 of the amendment of September 26, 2016 states in relevant part as follows:

    "…2. <u>Collection of Delinquent Accounts</u>:

    A ....

    B .... .

    C A notice shall be provided by the Association to each unit owner with a

       delinquent account prior to referral of the account to the Association

       attorney for collection.

    ….."

5. The Plaintiff paid his condo fees religiously before the 7th day of the month in October, November, December 2016, January, February, March, April, May, June 2017 to the Defendant Association by sending his payment to the management company.

6. On or about June 15, 2017, the plaintiff received a collection notice from the Defendants acting as debt collectors for unpaid Condominium assessments dues and late fees for the months for the prior seven (7) months of December 2016 to June 2017 for a total of $3114.82 and $558.00 for attorney's fees for a total of $3672.82

7. The Plaintiff was referred to collection without first being issued a notice of DELIQUENT ACCOUNT in contravention of the Association's Bylaws, Rules and Regulations and amendments.

8. The plaintiff was not in default as alleged by the collection notice.

9. On information and belief, the Condominium's property manager was changed and in the process the old management company received the Plaintiff's payments and did not forward them to the new management company.

10. The Condominium and its agents property managers did not have processes in place to ensure an efficient change of property manager who has the duty to collect payments from the Plaintiff.

11. As a result of lack of efficient business processes, the property management change appear to be the cause of the alleged misapplication of the Plaintiff's payment during the months of December 2016 through May 2017.

12. From December 2016 to October 2020, the plaintiff made his monthly payment of dues timely to the Condominium Association who would then forward the payments to the Defendants LAW FIRM and Collection Attorney who would then return the payments to the Plaintiff.

13. Unlike June 15, 2017, on November 11, 2020, the Plaintiff received a notice of delinquent account from the Condominium Association with the heading "**Your account is past due**" and states in the body of the notice "**Please note that your account is currently past due in the amount of $23,265.12.**" and the following:

> **Date Note Amount Balance**
>
> 9/1/2020 Special Assessment $111.41 $21,610.25
>
> 9/3/2020 Association fee $427.35 $22,037.60
>
> 10/1/2020 Special Assessment $111.41 $22,149.01
>
> 10/3/2020 Association fee $427.35 $22,576.36
>
> 10/15/2020 Delinquent Assessment Fee $125.00 $22,701.36
>
> 11/1/2020 Special Assessment $111.41 $22,812.77
>
> 11/3/2020 Association fee $427.35 $23,240.12
>
> 11/11/2020 Late fee $25.00 $23,265.12

14. A few days later, the Plaintiff sent the full amount pursuant to the notice of delinquent account with the exception that he paid $590.74 under protest.

15. The aforementioned amount requested by the condominium and paid by the Plaintiff is for assessment of condo dues and late fees and other fees which may include attorney's fees and is considered a debt as defined by the FDCPA.

16. On December 9, 2020, the law firm and collection attorney defendants directly or through their agent sent a letter to the Plaintiff in which they explained that they are returning many checks including the checks totaling the full payment requested by the notice of past due assessment fees.  The letter did not indicate that the creditor/condominium had made a mistake in stating an incorrect amount in the prior notice of delinquent account of November 11, 2020.

17. The aforementioned letter sent by the law firm and collection attorney is a false representation and deceptive means to collect or attempt to collect an unlawful debt which lawful part was paid in full.

18. The aforementioned letter sent by the law firm and collection attorney is a false representation and deceptive means to collect or attempt to collect attorney's fees for a debt that was paid in full.

19. The aforementioned actions of the law firm and collection attorney is an unfair and unconscionable means to collect or attempt to collect a debt which was paid in full.

20. The aforementioned actions of the law firm and collection attorney is an unfair and unconscionable means to collect or attempt to collect attorney's fees as part of a debt which was paid in full.

21. The attempted collection of the amount (including any interest, fee, charge, or expense incidental to the principal obligation) stated by the defendants were not expressly authorized by the agreement (bylaws et al between the plaintiff and the Condominium Association) creating the debt or permitted by law.

22. As a direct and proximate result of the Defendants actions, the Plaintiff suffered anguish and embarrassment in the community and incurred money damage.

## COUNT ONE -  VIOLATION OF FDCPA

### Fair Debt Collection Practices, 15 U.S.C. 1692 et seq

(As to Robert A. Picelli, Jr.)


1-22 Paragraph 1 through 22 of the factual allegations and are hereby incorporated and made paragraph 1 through 22 of this count.

23. The definitions of terms under 15 U.S.C. 1692a are hereby incorporated.

24. The letter sent to the Plaintiff by the Defendants is a **communication** as the term is defined by 15 U.S.C. 1692a.

25. The Plaintiff is a **consumer** as that term is defined by 15 U.S.C. 1692a

26. The aforementioned condo dues, assessment fees, HOA fees and other related charges which the defendants are attempting to collect and which is the subject of this litigation is a **debt** as that term is defined by 15 U.S.C. 1692a.

27. The Defendant Robert A. Picelli, Jr. is a **debt collector** as that term is defined by 15 U.S.C. 1962a and promote himself/itself as a debt collector in his/its letters and advertisement.

28. The Defendant Robert A. Picelli, Jr. has engaged in conduct violating one or more sections of 15 U.S.C. 1962 et seq, by doing the following non-exhaustive list of acts:

    a) sending the aforementioned letter and returning the plaintiff's full payment of his HOA fees as stated in the notice of delinquent account, made false, deceptive and/or misleading representations in connection with his efforts to collect a debt as prohibited by 15 U.S.C. 1692e.

    f) Attempting to maintain a debt which was paid in full for purpose of adding attorney's fees to the debt and thereby increase and manipulate the amount of the debt as prohibited by 15 U.S.C. 1692f.

    29. The Defendant's course of conduct, as alleged herein, has been undertaken in the conduct of **trade and commerce** as defined in Conn. Gen. Stat. section 42-110a(4)

    30. As a result of the actions of the Defendant, the Plaintiff incurred damages and is entitled to all relief under 15 U.S.C. 1692k including but limited to statutory damages, actual damages, attorney fees and costs of suit.

## COUNT TWO - VIOLATION OF FDCPA

### Fair Debt Collection Practices, 15 U.S.C. 1692 et seq

(As to ZELDES NEEDLE & COOPER, PC aka ZNC LAW)

1-30 Paragraph 1 through 30 of the count one are hereby incorporated and made paragraph 1 through 30 of this count.

31. All reference to defendant in this count is the defendant ZELDES NEEDLE & COOPER, PC aka ZNC LAW

## COUNT THREE- NEGLIGENT INFLICTION OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(As to Robert A. Picelli, Jr.)

1-30 Paragraph 1 through 30 of count one are hereby incorporated and made paragraph 1 through 30 of this count.

31. The Defendant Robert A. Picelli, Jr. had a duty to act as a reasonable person would under the circumstances so as not to put anyone in the Plaintiff's position in risk of harm.

32. The Defendant breached that duty when she/it sent the letter to the Plaintiff and returned his full payment of the debt in order to create a new debt by ways of attorney's fees and other costs.

33. The Defendant knew or should have known that her/its actions would cause the Plaintiff to become angry, distress and incur more attorney's fees.

34. As a direct and proximate result of the Defendant's actions, the Plaintiff was harmed emotionally, spent money in attorney's fees and is constantly angry.

35. The Defendant was substantial factor in the causing the Plaintiff's harm.

## COUNT FOUR- NEGLIGENT INFLICTION OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

( As to ZELDES NEEDLE & COOPER, PC aka ZNC LAW)

1-31 Paragraph 1 through 31 of count two are hereby incorporated and made paragraph 1 through 31 of this count.

32. The Defendant had a duty to act as a reasonable person would under the circumstances so as not to put anyone in the Plaintiff's position in risk of harm.

33. The Defendant breached that duty when she/it sent the letter to the Plaintiff and returned his full payment of the debt in order to create a new debt by ways of attorney's fees and other costs.

34. The Defendant knew or should have known that her/its actions would cause the Plaintiff to become angry, distress and incur more attorney's fees.

35. As a direct and proximate result of the Defendant's actions, the Plaintiff was harm emotionally, spent money in attorney's fees and is constantly angry.

36. The Defendant was substantial factor in the causing the Plaintiff's harm.

## COUNT FIVE - VIOLATION OF CUTPA

(AS TO ZELDES NEEDLE & COOPER, PC aka ZNC LAW)

1-36. Paragraphs 1 through 36 of Count FOUR (Negligent Infliction of Emotional Distress as to ZNC Law) are hereby incorporated and made paragraphs 1 through 36 of

this Count.

36. The Defendant ZNC Law's course of conduct, as alleged herein, has been undertaken in the conduct of trade and commerce as defined in Conn. Gen. Stat. section 42-110a(4).

37. On at least one occasion, since 2010 until now, in the process of collecting consumer debts, the Plaintiff's debt, the Defendant misrepresented the facts to the Plaintiff.

38. On at least one other occasion, as alleged in the factual allegations, the Defendant intentionally misled their clients and the Plaintiff.

39. On several other occasions, the Defendant entered into contracts with condominium associations for the purpose of misleading the unit owners and defrauding condominium associations and the unit owners like the Plaintiff by fabricating defaults.

40. The Defendant have made or caused to be made, directly or indirectly, explicitly or by implication, representations and omissions to the Plaintiff and Connecticut consumers which they knew (or should have known) to be false and misleading.

41. The Defendant intentional misrepresented its intentions to the Plaintiff.

42. The Plaintiff reasonably relied on the representations made to it by the Defendant, all to the Plaintiff's severe detriment.

43. The actions of the Defendant in cooperation with others of sending a notice of delinquent account to the plaintiff, receiving payment and returning the payment is a bait and switch and were intentionally deceptive, fraudulent, unscrupulous, unethical, immoral, and illegal as described above, and in clear violation of the public policies as set forth by the State of Connecticut.

44. The aforementioned patterns and practices and actions of the Defendants were designed to enrich the Defendant at the expense and to the detriment of the Plaintiff.

45. As a direct and proximate result of the actions of the Defendant, the Plaintiff sustained loss of money, time, professional & personal reputation, and emotional distress.

46. A copy of this complaint has been sent to the Connecticut Department of Consumer Protection Commissioner and the Attorney General Office of the State of Connecticut.

WHEREFORE, the Plaintiff demands:

1. $105,000.00 in money damage for statutory damage and emotional distress
2. Award of legal fees.
3. All relief afforded under 12 U.S.C. 2605(f) including to statutory damages, actual damages, attorney fees and costs.
4. all relief under 15 U.S.C. 1692k including but limited to statutory damages, actual damages, attorney fees and costs of suit.
5. Double or Treble damage for each appropriate claims.
6. Punitive damage.
7. Any other relief the Court deems fair and equitable.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiffs demand a jury trial in this action on all issues so triable.

THE PLAINTIFF.

Akintayo Akinyele

/s/__Andre Cayo (ct29012)__

Andre Cayo, Esq. (Ct29012)

Law Offices of Cayo & Associates

84 W. Park Place, 3rd Floor

Stamford, CT 06901

203-517-0416  Phone

203-517-0418 Fax

Cayolaw@gmail.com